# UNITED STATES DISTRICT COURT
## Western District of Washington

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| PETER A. HEDSTROM | Case Number: CR99-269R |
| | Bruce Erickson, Esq. |
| | Defendant's Attorney |

FILED / LODGED / ENTERED / RECEIVED
DEC 09 1999
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

THE DEFENDANT:

__XX__ pleaded guilty on **August 6, 1999**, to count **2 of the Indictment of May 19, 1999**

____ pleaded nolo contendere to count(s) _____ which was accepted by the court.

____ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) | Possession of Marijuana with Intent to Distribute | 5/12/99 | 2 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

____ The defendant has been found not guilty on count(s) _____

__XX__ Count **1 of the Indictment** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **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**

RONALD J. FRIEDMAN
Assistant United States Attorney

Defendant's Date of Birth: **October 27, 1957**

Defendant's USM No.: **029030-086**

December 9, ~~October 22,~~ 1999
Date of Imposition of Sentence

Defendant's Residence Address:
**FDC Seatac**
**Seatac, Washington 98168**

Signature of Judicial Officer

Defendant's Legal Address:
same as above

THE HONORABLE BARBARA JACOBSTEIN
United States District Judge
Name & Title of Judicial Officer

12/9/99
Date



Defendant: PETER A. HEDSTROM
Case Number: CR99-269R

Judgment--Page 2 of 7

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 24 (twenty-five) months.

✓ The court makes the following recommendations to the Bureau of Prisons:
Placement at FCI, Sheridan.

✓ The defendant is remanded to the custody of the United States Marshal.

___ The defendant shall surrender to the United States Marshal for this district:

___ at _____ a.m./p.m. on _____.

___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

___ before 2 p.m. on _____.

___ as notified by the United States Marshal.

___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By: _____
Deputy U.S. Marshal

Defendant:     PETER A. HEDSTROM                                    Judgment--Page 3 of 7
Case Number:   CR99-269R

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another Federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

__XX__  The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

_____  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

__XX__  The defendant shall not possess a firearm, or other destructive device, as defined in 18 U.S.C. § 921. (Check if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below):

### SEE ATTACHED SPECIAL CONDITIONS OF SUPERVISION

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer 10 days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time, at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release (USAO 06/99) Case 2:99-cr-00269-BJR   Document 30   Filed 12/09/99   Page 4 of 7

Defendant:     PETER A. HEDSTROM                                    Judgment--Page  4  of  7
Case Number:   CR99-269R

# ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall be prohibited from possessing a firearm or destructive device as defined in 18 U.S.C. § 921.

2. The defendant shall submit to mandatory drug testing pursuant to 18 U.S.C. § 3563(a)(4) and 18 U.S.C. § 3583(d).

3. The defendant shall submit to a search of his person, residence, office, property, or vehicle conducted in a reasonable manner and at a reasonable time by a probation officer.

4. The defendant shall provide his probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of his Federal Income Tax Return.

5. If deported, the defendant shall not reenter the United States without permission of the Immigration and Naturalization Service. If granted permission to reenter, the defendant shall contact the nearest U.S. Probation Office within 72 hours of reentry.

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release (USAO 06/99) Case 2:99-cr-00269-BJR   Document 30   Filed 12/09/99   Page 4 of 7

Defendant:     PETER A. HEDSTROM                                    Judgment--Page  4  of  7
Case Number:   CR99-269R

Defendant: PETER A. HEDSTROM  
Case Number: CR99-269R

Judgment--Page 5 of 7

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 100.00 | $0 | $0 |

____ If applicable, restitution amount ordered pursuant to plea agreement..... $ _____

## FINE

__XX__ The Court finds that the defendant is financially unable, and is unlikely to become able, to pay a fine and, accordingly, the imposition of a fine is waived.

The above fine includes costs of incarceration and/or supervision in the amount of $ _____

## RESTITUTION

____ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

____ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  | $ | $ |  |
| **Totals:** | $ _____ | $ _____ |  |

## INTEREST ON FINES AND RESTITUTION

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

____ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

    ____ The interest requirement is waived.
    ____ The interest requirement is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| Defendant: PETER A. HEDSTROM | Judgment--Page 6 of 7 |
| Case Number: CR99-269R | |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A. __XX__  in full immediately; or

B. _____  $ _____ immediately, balance due (in accordance with C, D, or E); or

C. _____  not later than _____; or

D. _____  in installments to commence ____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule, if appropriate; or

E. _____  in _____ *(e.g., equal, weekly, monthly, quarterly)* installments of $ _____ over a period of ____ year(s) to commence ____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

__XX__  MAKE CHECK(S) FOR ALL CRIMINAL MONETARY PENALTIES, INCLUDING SPECIAL ASSESSMENTS, FINES, AND RESTITUTION, PAYABLE TO:

United States District Court Clerk, Western District of Washington. For restitution payments, the Court is to forward money received to _____ (name of party[ies] receiving restitution). See address on page _____ of this judgment.

_____  The defendant shall pay the cost of prosecution.

_____  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States Attorney.

| | | |
|---|---|---|
| Defendant: | PETER A. HEDSTROM | Judgment--Page 7 of 7 |
| Case Number: | CR99-269R | |

# DENIAL OF FEDERAL BENEFITS
(For Offenses Committed On of After November 18, 1988)

## FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862

IT IS ORDERED that the defendant shall be:

____ ineligible for all federal benefits for a period of _____.

____ ineligible for the following federal benefits for a period of _____.
(specify benefit(s))_____
_____

_____

### OR

____ Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

## FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(B)

IT IS ORDERED that the defendant shall:

____ be ineligible for all federal benefits for a period of _____.

____ be ineligible for the following federal benefits for a period of _____.

(specify benefit(s))_____
_____

____ successfully complete a drug testing and treatment program.

____ perform community service, as specified in the probation and supervised release portion of this judgment.

____ Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk of court is responsible for sending a copy of this page and the first page of this judgment to:

**U.S. Department of Justice**
**Office of Justice Programs**
**Washington DC 20531**